UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

  - against -

SALVATORE BARRETTA, individually
and D/B/A BROWNSTONE BAR &
RESTAURANT; and 227 GOLD INC., an
unknown business entity D/B/A
BROWNSTONE BAR & RESTAURANT

        Defendants.
-----------------------------------------------------------X

ORDER

18-CV-05111 (NG) (ST)

**GERSHON, United States District Judge:**

By order dated March 22, 2019, the court referred to Magistrate Judge Steven L. Tiscione plaintiff J & J Sports Production, Inc.'s motion for default judgment against defendants Salvatore Barretta and 277 Gold Inc. On September 10, 2019, Judge Tiscione issued a Report and Recommendation ("R&R") recommending that plaintiff's motion for default judgment with respect to defendant 277 Gold Inc. be granted, that plaintiff's motion with respect to defendant Salvatore Barretta be denied and the claims against him dismissed, that plaintiff be awarded $4,000 with post-judgment interest at the federal statutory rate but be denied pre-judgment interest, and that plaintiff be permitted to file a motion for costs and attorneys' fees no more than 30 days after the entry of judgment. Plaintiff has filed objections. I have reviewed those portions of the R&R to which plaintiff has objected *de novo*, and I have reviewed the remainder of the R&R for clear error.

I conclude that the objections are without merit and adopt Judge Tiscione's R&R in its entirety. Plaintiff has failed to provide a sound basis for disturbing the R&R's recommendation that the default judgment be denied with respect to Barretta's individual liability. Regarding

plaintiff's objection to Judge Tiscione's damages analysis, and plaintiff's reliance on *Joe Hand Promotions, Inc. v. Dang My Linh*, 2006 WL 8435988, at *2 (E.D.N.Y. Sept. 25, 2006), I am satisfied that Judge Tiscione properly followed the prevailing law in this Circuit in calculating plaintiff's statutory and enhanced damages.

I further reject plaintiff's request to amend its complaint to allege additional facts regarding Barretta's individual liability. Plaintiff has failed to identify "a single new fact that [it] intends to plead if the Court were to grant it leave to amend." *J & J Sports Prods., Inc. v. Gonzalez*, 2019 WL 3716197, at *7 (E.D.N.Y. May 9, 2019), *report and recommendation adopted, J&J Sports Prods., Inc. v. Gonzalez*, 2019 WL 4888635 (E.D.N.Y. Sept. 30, 2019) (internal quotation marks omitted). Moreover, plaintiff had the opportunity to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a)(1) after service was made but chose not to do so. "Where a plaintiff had the opportunity to amend [its] Complaint at an earlier time and there is no indication that amendment would not be futile, a court has the discretion to deny leave to amend." *Id.* (internal quotation marks omitted). Accordingly, this request is also denied and the claims against Barretta are dismissed.

Finally, as for those portions of the R&R to which plaintiff does not object, I find no clear error.

Therefore, in accordance with Judge Tiscione's recommendations, judgment is awarded as follows:

1. Plaintiff's motion for default judgment with respect to defendant 277 Gold Inc. is granted;
2. Plaintiff's motion for default judgment with respect to defendant Salvatore Barretta is denied and the claims against him are dismissed;

2

3. Plaintiff is awarded $4,000 with post-judgment interest at the federal statutory rate but denied pre-judgment interest;

4. Plaintiff is permitted to file a motion for costs and attorneys' fees no more than 30 days after the entry of judgment.

SO ORDERED.

s/Nina Gershon

**NINA GERSHON**
**United States District Judge**

December 23, 2019
Brooklyn, New York